UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREA TUCKER                                CIVIL ACTION

VERSUS                                       NO: 15-7133

UNITECH TRAINING                             SECTION: "J"(2)
ACADEMY, INC., ET AL.

### ORDER & REASONS

Before the Court is a *12(b)(5) Motion to Dismiss* **(Rec. Doc. 14)** filed by Defendant and an opposition thereto **(Rec. Doc. 18)** filed by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**, as explained more fully below.

### FACTS AND PROCEDURAL BACKGROUND

On December 28, 2015, Plaintiff filed suit against Unitech Training Academy (Unitech) and its employees, alleging discriminatory and adverse employment practices against Plaintiff in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (R. Doc. 1 at 2, 5). On August 8, 2016, Defendants filed a *Motion to Dismiss* arguing that service was untimely and deficient, and therefore warrants dismissal. (R. Doc. 14-3, at 2-3). On September 14, 2016, Plaintiff filed a timely opposition to Defendants' motion, arguing that service was sufficient and that based on Plaintiff's reasonable diligence in attempting to serve the Defendants, the Court should

grant an extension of time to properly complete service. (R. Doc. 18-1, at 5-6). Defendants' motion to dismiss for deficient service of process is now before the Court on the briefs and without oral argument.

**PARTIES' ARGUMENTS**

**1.   Defendants' Arguments**

Defendants argue that Plaintiff's service was untimely and in improper form. (R. Doc. 14-3, at 2-3). Defendants assert that service was not completed until approximately seven months after Plaintiff's complaint was filed, in violation of Federal Rule of Civil Procedure 4(m). *Id.* at 2. Specifically, Defendants argue that Plaintiff's complaint was filed on December 28, 2015, and service was attempted on an improper person, Mr. Danny Head who is an officer of Unitech, on June 20, 2016. *Id.* at 1.

Defendants also argue that service was performed via the United States Postal Service and as such is insufficient for all Defendants under Federal Rule of Civil Procedure 4(e) and the Louisiana Code of Civil Procedure. *Id.* at 4. In addition, Defendants argue that service by mail is only sufficient when permitted under Louisiana's Long-Arm Statute, and that even if Louisiana's Long-Arm Statute applied in this case personal service is improper if addressed to the individual's place of business. *Id.* at 5.

Similarly, Defendants assert that service on Unitech via mail was insufficient under both the Federal and Louisiana Rules of Civil Procedure. *Id.* at 5-6. Defendants argue that neither the requirement of personal service under Federal Rule of Civil Procedure 4(h)(1), or Louisiana Code of Civil Procedure Article 1261 were met. *Id*. at 6. Consequently, Defendants argue that Plaintiff's claims should be dismissed.

**2.   Plaintiff's Arguments**

Plaintiff argues that (1) under Federal Rule of Civil Procedure 4(m), the court is required to extend time for service if good cause for the failure of service is shown, and (2) service by United States mail is sufficient based on Plaintiff's reasonable diligence in attempting personal service. (R. Doc. 18-1 at 4, 6).

First, Plaintiff argues that she demonstrated good cause for failing to properly serve Defendants. *Id*. at 4-5. Plaintiff argues that her poor health, limited finances, *pro se* status at the time of attempted service, and responsibility of caring for her handicapped mother and aunt are good cause mandating an extension of time to perfect service. *Id.* at 4. Second, Plaintiff argues she made diligent efforts to effectuate personal service on Defendants, but was unable to do so. Because she was unable to effectuate personal service of process, Plaintiff claims she attempted to perfect service on Danny Head, who she thought was

3

Unitech's registered agent for service of process, via registered mail. *Id.* at 4-5.

As to Michelle Hammoche and Alana Farrazin individually, Plaintiff asserts that she was unable to successfully locate the dwellings of either, so instead completed service through Danny Head. *Id.* at 5-6. Plaintiff argues that because Ms. Hammoche and Ms. Farrazin were brought as defendants due to their actions as employees for Unitech, Unitech is vicariously liable, and service upon Mr. Head was proper under Federal Rule of Civil Procedure 4(e)(2)(C). *Id.* at 6.

Plaintiff also asserts that service on Unitech via mail was sufficient based on Plaintiff's reasonable diligence. *Id.* Plaintiff determined that the U.S. Marshall would not serve Unitech in Lafayette, Louisiana, and she did not have the resources to effectuate personal service while seeking legal representation for her case. *Id.* Finally, even if service of process was deficient, Plaintiff argues Defendants will suffer no prejudice if the court exercises its powers to extend the time for service. *Id.*

## LEGAL STANDARD

Under Rule 4(m) of the Federal Rule of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

4

> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under Rule 4(m), a district court has two choices when a plaintiff fails to serve a defendant within 90 days: it may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m); *Foster v. Rescare*, No. 16-670, 2016 WL 3388387, at *3 (E.D. La. June 20, 2016). If, however, the plaintiff shows good cause for the failure, the district court must extend the time of service for an appropriate period. *Id.; see also Grimball v. New Orleans City*, No. 10-3657, 2012 WL 1397678, at *5 (E.D. La. Apr. 23, 2012) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). The plaintiff has the burden of proving good cause for failure to effect timely service. *Foster*, 2016 WL 3388387, at *3 (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "'[G]ood cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Grimball*, 2012 WL 1397678, at *5 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). This Court has determined that "[t]o demonstrate good cause, a plaintiff must 'make a showing of good faith and show some reasonable basis for noncompliance within the time specified." *Foster*, 2016 WL 3388387, at *3 (citing *Sys.*

5

*Signs Supplies*, 903 F.2d at 1013). Thus, "one is required to be diligent in serving process, as well as pure of heart, before good cause will be found." *Grimball*, 2012 WL 1397678, at *5 (citing *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir. 1995)). Where a party requests an extension of time, relevant factors used to determine whether there has been "excusable neglect" include: "'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006)).

## **DISCUSSION**

Plaintiff filed her suit on December 28, 2015. (R. Doc. 1.) Ninety (90) days thereafter was March 28, 2016.[1] On July 20, 2016, Unitech's officer, Danny Head, received the summons to Unitech, Michelle Hammouche and Alana Farazin and a copy of the complaint. (R. Doc. 14-3 at 1.) Thus, this attempted service occurred beyond the 90-day window under Rule 4(m). Accordingly, the court must first determine whether Plaintiff has demonstrated good cause for her failure to properly serve the Defendants in a timely manner.

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day of a time period falls on a Sunday, the period continues to run until the end of the next day).

In the instant case, Plaintiff has not demonstrated good cause for its delay in service. *See Grimball*, 2012 WL 1397678, at *5 (citing *Lambert*, 44 F.3d at 299). Filing the complaint as a *pro se* litigant, Plaintiff may have been unable to ascertain the proper methods of completing service, but this does not constitute good cause. *See id.* However, this does not preclude the court from exercising its discretion in extending time for proper service of process. The Court must now decide whether to dismiss Plaintiff's claims against Defendants without prejudice or extend the time for service. *See id.*; *Foster*, 2016 WL 3388387, at *3.

This Court generally denies motions to dismiss under Rule 12(b)(5), and grants Plaintiffs additional time to properly complete service, unless there is a clear showing of prejudice to the Defendant. *See Grimball*, 2012 WL 1397678, at *11 (granting additional time despite a potential for prejudice to Defendant, due to Plaintiff's efforts to effectuate service); *Brown v. Premium Food Concepts, Inc.*, No. 09-5811, 2010 WL 1838644, at *3 (E.D. La. May 5, 2010) (additional time granted despite improper service where plaintiff acted in good faith); *Wyland v. New Orleans City*, No. 08-4288, 2009 WL 3378656, at *1 (E.D. La. Oct. 15, 2009) (additional time granted due to Plaintiff's continued attempts to complete service); *Gabriel v. United Nat'l Ins. Co.*, 259 F.R.D. 242, 245 (E.D. La. 2009) (additional time granted due to a lack of prejudice to the defendant, and delay was not caused by intentional

7

conduct); *Roulston v. Yazoo River Towing, Inc.*, No. 03-2791, 2004 WL 1043140, at *2 (E.D. La. May 6, 2004) (additional time granted where defendant did not demonstrate prejudice); *Alden v. Allied Adult & Child Clinic, L.L.C.*, No. 01-371, 2002 WL 1684553, at *2 (E.D. La. July 22, 2002) (dismissal denied due to a lack of prejudice to the defendant); *Laird v. Jiminez*, No. 99-2677, 2000 WL 385533, at *2 (E.D. La. Apr. 13, 2000) (additional time granted due to good faith efforts to effectuate service); *Schwab v. MedFirst Health Plans of La.*, No. 99-2695, 2000 WL 364984, at *5 (E.D. La. Apr. 7, 2000) (additional time granted due to a good faith showing, or alternatively, a lack of prejudice to defendant).

Defendants have made no assertion that they would be prejudiced if this Court granted Plaintiff additional time to properly complete service. No discovery has occurred and the case has not been set for trial yet. The Court finds that additional time should be granted because, originally acting *pro se*, Plaintiff made a good faith effort to serve the Defendants, despite doing so untimely and through improper means. For these reasons, Plaintiff shall be granted additional time to perfect timely and appropriate service.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 14)** is **DENIED.**

**IT IS FURTHER ORDERED that** Plaintiff is granted **thirty (30) days** from the date of this Order and Reasons to perfect proper service of process.

New Orleans, Louisiana this 3rd day of October, 2016.

                                    CARL J. BARBIER
                                    UNITED STATES DISTRICT JUDGE