UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREA TUCKER                                CIVIL ACTION

VERSUS                                       NO: 15-7133

UNITECH TRAINING                             SECTION: "J"(2)
ACADEMY, ET AL.

## ORDER & REASONS

Before the Court are two motions. First is Defendant Alana Sarrazin's motion to dismiss for untimely service of process. **(R. Doc. 30.)** Second is Plaintiff's motion for extension of time to reply to Defendant Alana Sarrazin's motion to dismiss. **(R. Doc. 35.)** Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant Alana Sarrazin's motion to dismiss for untimely service **(R. Doc. 30)** should be **DENIED,** and that Plaintiff's motion for extension of time to reply to Defendant Alana Sarrazin's motion to dismiss **(R. Doc. 35)** should be **DENIED AS MOOT**.

## FACTS AND PROCEDURAL BACKGROUND

On December 28, 2015, Plaintiff filed suit against Unitech Training Academy and its employees, Alana Sarrazin and Michelle Hammothe, alleging discriminatory and adverse employment practices in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (R. Doc. 1 at 2, 5.) On August 8, 2016, the named Defendants filed a motion to dismiss

due to improper and untimely service of process. (R. Doc. 14.) On October 3, 2016, this Court issued an Order and Reasons denying Defendants' motion. (R. Doc. 24.) While the Court determined that Defendants were not properly or timely served, the Court granted Plaintiff an additional thirty days from the date of the Order and Reasons to perfect proper and timely service. *Id.* at 9. On November 21, 2016, Defendant Alana Sarrazin filed another motion to dismiss (R. Doc. 30). In short, Defendant Sarrazin argues that she was not served within thirty days of October 3, 2016. (R. Doc. 30-1 at 2.) Consequently, Defendant Sarrazin requests that this Court dismiss Plaintiff's claims without prejudice for failure to timely effectuate service. *Id.* at 6.

The deadline for Plaintiff to file an opposition to Defendant Sarrazin's motion to dismiss was no later than eight days before the motion's noticed submission date. L.R. 7.5. Defendant Sarrazin's motion was set for submission on Wednesday, December 21, 2016. (R. Doc. 30 at 3.) Accordingly, Plaintiff's deadline to file an opposition was Tuesday, December 13, 2016. Plaintiff did not submit a timely opposition. On December 20, 2016, Plaintiff filed a motion for an extension of time to respond to Defendant Sarrazin's motion to dismiss. (R. Doc. 32; R. Doc. 35.) In short, Plaintiff argues that this is her first request for such extension, and that Defendant Sarrazin's motion contains complex issues that must be fully explored. (R. Doc. 35 at 1.) Further, Plaintiff's

2

proof of service on Defendant Sarrazin was not submitted to the Court until December 28, 2016, although service appears to have been properly executed on Defendant Sarrazin on November 3, 2016. *See* (R. Doc. 30-1 at 2; R. Doc. 33.) The motions are now before the Court on the briefs and without oral argument.

## LEGAL STANDARD

1. **Federal Rule of Civil Procedure 6**

    Federal Rule of Civil Procedure 6(a)(1)(A)-(C) provides:

    > (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
    > (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
    > (A) exclude the day of the event that triggers the period;
    > (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
    > (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

2. **Federal Rule of Civil Procedure 4(l)**

    Federal Rule of Civil Procedure 4(l)(1),(3) provides:

    > (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit. . . .
    > (3) Validity of Service; Amending Proof. Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

## **DISCUSSION**

Defendant Sarrazin argues that she was not served within thirty days from the Court's October 3, 2016 Order and Reasons. Federal Rule of Civil Procedure 6 provides that when the period of a Court's order is stated in days, the period excludes the day of the event that triggers the period. Fed. R. Civ. P. 6(a)(1)(A). Thus, the period within which Plaintiff was required to properly serve Defendant Sarrazin commenced on October 4, 2016, as the Court's October 3, 2016 Order triggered the period. Further, thirty days from October 4, 2016 is November 3, 2016. Defendant admits she "was served with process on November 3, 2016." (R. Doc. 30-1 at 2.)

Defendant also argues that "no proof of service has been filed into the record evidencing the untimely service made on Alana Sarrazin." *Id.* At the time Defendant Sarrazin filed her motion, and as of the submission date on the motion, Plaintiff had not produced any evidence that Defendant Sarrazin was timely served. However, Defendant Sarrazin's own motion admits that she was served on November 3, 2016. *Id.* Further, Plaintiff has since filed proof of service on Defendant Sarrazin into the record. *See* (R. Doc. 33.) Plaintiff's process server, Stanley Price, produced an affidavit that he personally served the summons on Defendant Alana Sarrazin at LeBlanc Pharmacy located at 7211 Regent Street, New Orleans, Louisiana on November 3, 2016. *Id.* Nevertheless, even if

4

Plaintiff did not submitted any evidence of timely service, "failure to prove service does not affect the validity of service." Fed. R. Civ. Pro. 4(l)(3). Defendant's admission that she was served on November 3, 2016 is sufficient proof that Plaintiff timely served Defendant Sarrazin in accordance with this Court's October 3, 2016 Order and Reasons (R. Doc. 24). Because Defendant Sarrazin does not argue that service was defective in any other manner, her motion (R. Doc. 30) must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alana Sarrazin's *Motion to Dismiss* **(R. Doc. 30)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Extension of Time to File a Response to Defendant Alana Sarrazin's Motion to Dismiss* **(R. Doc. 35)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 9th day of January, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE