UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREA TUCKER                          CIVIL ACTION

VERSUS                                 No. 15-7133

UNITECH TRAINING ACADEMY,              SECTION: "J"(2)
INC. ET AL.

## ORDER

Before the Court is Plaintiff Andrea Tucker's *Motion to Set Aside* (R. Doc. 48) and an opposition thereto filed by Defendant Unitech Training Academy, Inc. (R. Doc. 50). In short, Plaintiff seeks to set aside this Court's order dismissing Defendant Unitech Training Academy, Inc. ("Defendant") without prejudice. (R. Doc. 45.) On February 22, 2017, a Scheduling Conference was set between Plaintiff and Defendants. (R. Doc. 44.) This Scheduling Conference was cancelled after the Court determined that the Defendant had not been properly served. (R. Doc. 44.) Plaintiff's case was then set on the Court's Call Docket for March 15, 2017, with a warning to Plaintiff's counsel that a failure to appear would result in Defendant being dismissed. (R. Doc. 44.) On March 15, 2017, Plaintiff's counsel failed to appear and Defendant was dismissed without prejudice. (R. Doc. 45.)

On March 23, 2017, Plaintiff filed the instant motion to set aside the dismissal of Defendant. (R. Doc. 48.) Plaintiff's counsel

argues that she mistakenly entered the date for the Call Docket as March 17, 2017 in her planner. (R. Doc. 48 at 1.) Plaintiff's counsel asserts that Defendant will not be prejudiced by the dismissal being set aside under Federal Rule of Civil Procedure 59, but that Plaintiff will be severely prejudiced if the judgment is not set aside.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *Snowizard*, 921 F. Supp. 2d at 563-564. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* (citing *Halena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538 (E.D. Tex. 2007)).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.

*Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272493, at *3 (E.D. La. Aug. 15, 2016); *Snowizard*, 921 F. Supp. 2d at 565. Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Thus, to prevail on a Rule 59(e) or 54(b) motion, the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Id.*

Plaintiff has not asserted that there has been a (1) manifest error of law, (2) that there is newly discovered or previously unavailable evidence, or (4) that the controlling law has changed. Further, any notion of manifest injustice is undermined by this Court notifying Plaintiff's counsel that "[f]ailure of plaintiff's counsel to appear in person" on March 15, 2017 will result in Defendant's dismissal. (R. Doc. 44.) This Court has given Plaintiff ample opportunity to properly serve Defendant, to no avail. *See*

3

(R. Doc. 24.) Accordingly, Plaintiff's motion is denied, and Plaintiff's claims against Defendant Unitech Training Academy, Inc. remain dismissed without prejudice.

New Orleans, Louisiana this 5th day of April, 2017.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE