UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREA TUCKER                                    CIVIL ACTION

VERSUS                                           No. 15-7133

UNITECH TRAINING ACADEMY,                        SECTION: "J"(2)
INC. ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff Andrea Tucker's *Motion for Reconsideration* **(Rec. Doc. 90)** and an opposition thereto filed by Defendants, Michelle Hammothe and Alana Sarrazin (hereinafter "Defendants") (Rec. Doc. 91). On August 24, 2017, the Court granted Defendants' *Motion for Summary Judgment* after Plaintiff failed to file an opposition memorandum. (Rec. Doc. 76.) In granting the motion, the Court found both that the motion was unopposed and that the motion had merit. Id. On October 2, 2017, Plaintiff filed a motion for reconsideration of that order on the grounds that it would prevent manifest injustice pursuant to Rule 59(e). (Rec. Doc. 90.)

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b),

59(e), or 60(b). S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc., 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. Snowizard, 921 F. Supp. 2d at 563-564. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." Id. (citing Halena Labs. Corp. v. Alpha Sci. Corp., 483 F. Supp. 2d 538 (E.D. Tex. 2007)).

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc., No. 12-2043, 2016 WL 4272493, at *3 (E.D. La. Aug. 15, 2016); Snowizard, 921 F. Supp. 2d at 565. Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79; Snowizard, 921 F. Supp. 2d at 565. Thus, to prevail on a Rule 59(e) or 54(b) motion, the movant must clearly establish at least one of

four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. Id.

Plaintiff has not asserted that there has been a manifest error of law, that there is newly discovered or previously unavailable evidence, or that the controlling law has changed. Rather, Plaintiff moves for reconsideration only on the grounds that it will prevent manifest injustice. (Rec. Doc. 90 at 1.) However, Plaintiff provides no analysis and makes no showing regarding the alleged manifest injustice; Plaintiff also offers no excuse for why a timely opposition was not filed. Plaintiff's manifest injustice argument is also unpersuasive given that she could have easily requested an extension of time to file an opposition. "[M]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." Namer v. Scottsdale Ins. Co., 314 F.R.D. 392, 396 (E.D. La. 2016). In short, Plaintiff has presented nothing that justifies the "extraordinary remedy" of granting a motion to reconsider. Accordingly, Plaintiff's motion is **DENIED**.

Furthermore, this motion for reconsideration would not have been necessary had a timely opposition memorandum been filed.

3

Therefore, all costs, including attorney's fees, incurred in connection with this motion for reconsideration are hereby awarded against Plaintiff.  <u>See</u> Fed. R. Civ. P. 16.

New Orleans, Louisiana this 20th day of February, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE